IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHOSHANTI BARJO,<br><br>    Plaintiff,<br><br>v.<br><br>VIVIAN R. CHERIAN, KENNETH M. CHERIAN, and ABERDEEN HOUSE, INC.<br><br>    Defendants. | Case No. 8:18-cv-01587-RWT |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
<u>EMERGENCY MOTION FOR A PROTECTIVE ORDER</u>**

  Plaintiff Shoshanti Barjo ("Plaintiff") respectfully submits this Memorandum in support of her Emergency Motion for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure barring Defendants Kenneth M. Cherian, Vivian Cherian, and other members of the Cherian family from attending her deposition in person. Counsel for Plaintiff conferred with Defendants; they do not consent to the requested relief. Because Plaintiff's deposition is scheduled to occur on February 21, 2019, only 10 days from today, Plaintiff respectfully requests expedited consideration of the instant Motion. *See* Local Rules, App'x A, Rule 1(g) (providing for expedited consideration of time-sensitive discovery disputes). A Declaration from Plaintiff and a Proposed Order are attached. In support of her Motion, Plaintiff states as follows:

  1. This is a case involving human trafficking. As the Complaint alleges, Plaintiff was brought to the United States from India and was forced to work for fifteen years as a live-in domestic worker for the Cherian family, and at an elder care facility owned by Defendant Ken Cherian. During that time, she was psychologically abused, harassed, isolated from the world, and threatened with deportation.

2. On October 22, 2018, the Court denied Defendants' Motion to Dismiss. Dkt. Nos. 19, 20. The case currently is in discovery, which is ongoing.

3. On February 6, 2019, counsel for Defendants served Plaintiff with a deposition notice. The deposition is scheduled to take place on February 21, 2019.

4. Also on February 6, 2019, Plaintiff, through counsel, requested that Defendants agree for members of the Cherian family to not attend the deposition in person. Plaintiffs' counsel explained that it would be traumatic and distressing for Plaintiff to be in close physical proximity to members of the Cherian family, and that alternative means existed for Defendants to participate in Plaintiff's deposition. Defendants rejected the request on February 7, 2019. *See* Ex. A (Correspondence between Counsel for Plaintiff and Counsel for Defendants).

5. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a person from whom discovery is sought may move for a protective order "designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E). The court should grant such an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden[,] or expense." Fed. R. Civ. P. 26(c)(1).

6. Courts regularly place restrictions on who may attend a deposition. *See, e.g.*, *Martin v. S.C. Dep't of Corr.*, No. 6:07-CV-03409-GBA-BHH, 2009 WL 10678343, at *1 (D.S.C. July 30, 2009); *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973). And numerous courts have found good cause to exclude individuals from a deposition room to "prevent[] the intimidation of a witness at a deposition." *Wesselmann v. Tyson Foods, Inc.*, No. 15-CV-4247-LTS, 2016 WL 6986683, at *2 (N.D. Iowa Nov. 28, 2016).

7. For instance, in *Monroe v. Sisters of Saint Francis Health Services, Inc.*, No. 2:09 CV 411, 2010 WL 4876743 (N.D. Ind. Nov. 23, 2010), a case involving a disability-discrimination

suit against a company, the court issued a protective order barring from the plaintiff's deposition the three former supervisors who allegedly had discriminated against the plaintiff. The court recognized that "the supervisors' presence [would] intimidate the plaintiff, interfere with the accuracy of his testimony, and negatively affect his health." *Id.* at *3. Similarly, in *Adams v. Shell Oil Co. (In re Shell Oil Refinery)*, 136 F.R.D. 615 (E.D. La. 1991), a class-action suit against Shell, the court issued a protective order barring from a Shell employee's deposition a higher-ranking Shell representative who had the ability to harm the employee's job security. The court excluded the representative because "[t]here [was] a risk that in [the representative's] presence [the deponent] might not testify as fully as he would otherwise." *Id.* at 617.

8. There can be good cause to exclude an individual from a deposition whenever a deponent is fearful of the individual—regardless of the source of that fear. For example, in *Wesselmann v. Tyson Foods, Inc.*, a case involving a wrongful termination suit against a company, the company asserted that the plaintiff, Wesselmann, had assaulted another employee, Swanson. 2016 WL 6986683, at *1. The court issued a protective order barring Wesselmann from Swanson's deposition. While the court acknowledged that it was disputed whether Wesselmann actually attacked Swanson, it emphasized that "Swanson believe[d] Wesselmann intentionally attacked her and has since feared him." *Id.* at *2. It was irrelevant to the court whether Swanson's fear was "justified or rational." *Id.* What mattered was "whether Swanson [was] actually fearful of him," *id.*, and whether that "fear of an attack, rational or irrational, would inhibit her ability to testify," *id.* at *3; *see also Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008) (barring employees of defendant from deposition because their presence was likely to harm the plaintiff, "however irrational her fear").

3

9. In this case, there is good cause to exclude the Cherians from Plaintiff's deposition because the Cherians subjected Plaintiff to forced labor, and Plaintiff is terrified of them.

10. Plaintiff was subject to years of abuse at the hands of the Cherians. As the Complaint alleges, Plaintiff was screamed at, tormented, isolated, forced to endure substandard living and working conditions, and mistreated in a variety of different ways. Compl. ¶¶ 29, 33, 34, 43, 51, 53; *see also* Ex. B (Declaration of Shoshanti Barjo) ¶ 2. Defendant Vivian Cherian taunted Plaintiff about her immigration status and seized and held her passport. Comp. ¶¶ 46–48, 62. Defendants forced Plaintiff to remain quiet and subservient, to never ask for anything, and to never advocate for herself. Compl. ¶¶ 31–32.

11. Plaintiff continues to suffer as a result of the treatment she endured while with the Cherians. Compl. ¶ 65. She remains scared that the Cherians will find her or threaten her.

12. Plaintiff's fear that the Cherians will harm her is amply justified. On May 11, 2018, only two days after undersigned counsel sent a draft complaint and settlement demand to the Cherians, Plaintiff received a phone call and voicemail from an unknown number. Ex. B ¶ 7. The voicemail stated: "I know you don't have papers, so if you don't call me right away, I will make sure the police arrest you," or something to that effect. *Id.* It is very likely that this phone call, which—of course—severely frightened Plaintiff, Ex. B ¶ 8, was caused by the Cherians.

13. The Cherians' presence at Plaintiff's deposition undoubtedly would intimidate Plaintiff. Plaintiff is terrified that the Cherians will hurt her, threaten her, or yell at her. Ex. B ¶ 9. She has testified: "Even if [the Cherians] do not speak to me, the sight of them would traumatize me, and make me feel as if I were back in their home again. I would feel scared, nervous, and unable to speak for myself or on my own behalf." *Id.* Plaintiff's fear of the Cherians would make her unable to fully and properly answer questions during a deposition if they were present.

Accordingly, there is good cause to exclude members of the Cherian family from attending Plaintiff's deposition in person.

14. Additionally, the burden on Defendants posed by not attending the deposition in person would be minimal. There are several alternatives available to Defendants. First, Defendants could participate in the deposition via video link while seated in another room and consult with their counsel during breaks. *Cf. Tolbert-Smith*, 253 F.R.D. 2, 4-5 (concluding that party barred from deposition could adequately participate by meeting with their counsel during scheduled recesses during the deposition); *Wesselmann*, 2016 WL 6986683, at *3 (same); *In re Shell Oil Refinery*, 136 F.R.D. at 617 (same). Second, Defendants could attend the deposition over the phone. Third, Defendants could sit with their counsel in one room, and Plaintiff could testify in another room via video link. Each of these alternatives would allow Defendants to listen to Plaintiff's answers to deposition questions and regularly consult with their counsel. The only difference would be Defendants' physical proximity to Plaintiff.

WHEREFORE, Plaintiff requests that this Court issue a protective order stating that Vivian R. Cherian, Kenneth M. Cherian, or any other member of the Cherian family may not attend Plaintiff's deposition in person.

Date: February 11, 2019
Washington, DC

Respectfully submitted,

/s/ David W. DeBruin
Kali N. Bracey (No. 20752)
David W. DeBruin (No. 07757)
Samuel C. Birnbaum
Natacha Y. Lam
JENNER & BLOCK LLP
1099 New York Ave., NW
Suite 900
Washington, DC 20001
Tel: 202-639-6000
Email: ddebruin@jenner.com

5