IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHOSHANTI BARJO, | * |
| *Plaintiff*, | * |
| v. | * Case No. RWT 18-cv-1587 |
| VIVIAN R. CHERIAN, *et al.*, | * |
| *Defendants*. | * |

## ORDER

Plaintiff, Shoshanti Barjo, is scheduled to be deposed on February 21, 2019. After Defendants refused Plaintiff's request that members of the Cherian family not attend the deposition in person, Plaintiff filed an Emergency Motion for a Protective Order [ECF No. 38]. Ms. Barjo asserts that the presence of the Cherians would be distressing and intimidating for her. ECF No. 38-1 at ¶¶ 4, 13. In a Declaration attached to her Emergency Motion, Ms. Barjo states: "[T]he sight of [the Cherians] would traumatize me, and make me feel as if I were back in their home again. I would feel scared, nervous, and unable to speak for myself or on my own behalf." ECF No. 38-2 at ¶ 9. Defendants oppose the Motion, contending that Ms. Barjo "sets forth insufficient exceptional circumstances to preclude" their attendance. ECF No. 40 at 2.

Federal Rule of Civil Procedure 26(c)(1)(E) gives the Court authority to "designat[e] the persons who may be present while the discovery is conducted" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Court has broad discretion in deciding when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). In fashioning a protective order, the Court must "weigh fairly the competing needs and interest of parties affected by discovery," *id.*, which may sometimes lead to precluding attendance by opposing parties to prevent

intimidation of or harm to a witness who is fearful of the opposing party. *See Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008) (precluding attendance at deposition by defendant's employees because of plaintiff's alleged fear of harm, "however irrational her fear may be").

Given the nature of the case and the alleged relationship between Ms. Barjo and the Cherians, the Court finds there to be good cause to preclude the Cherians presence from the deposition of Ms. Barjo. No member of the Cherian family may attend or be in the vicinity of the deposition. To avoid prejudice to any party, the Court will require breaks every forty-five minutes, during which time counsel may consult telephonically with their clients (or, in the case of plaintiff's counsel, in person with Ms. Barjo), and which time shall not count against the seven-hour limitation set forth in Fed. R. Civ. P. 30(d). Finally, as Ms. Barjo suggests, the Cherians may attend telephonically or via video. Allowing these alternatives addresses Ms. Barjo's concerns while preventing prejudice to the Cherians. Accordingly, it is, for the reasons set forth in the accompanying Memorandum Opinion, this 14th day of February, 2019,

**ORDERED**, that Plaintiff's Emergency Motion for a Protective Order [ECF No. 38] is hereby **GRANTED**; and it is further

**ORDERED**, that Cherian family members are precluded from attending in person or being in the vicinity of the deposition, but may attend telephonically or via video; and it is further

**ORDERED**, that the deposition of Ms. Barjo shall have breaks every forty-five minutes to allow counsel to consult with their clients telephonically or, in the case of Ms. Barjo, in person; and it is further

**ORDERED**, that no more than two attorneys per side may attend the deposition, and no persons other than counsel and Ms. Barjo may attend the deposition.

```
                                    ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE
```

3