UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

November 13, 2019

RE: *Barjo v. Cherian et al.*
    PWG-18-1587

### LETTER ORDER

Dear Counsel:

      This letter order addresses Plaintiff's Emergency Motion to Enforce Settlement Agreement, ECF No. 82 (sealed). Having reviewed the filing, I find that a hearing is unnecessary in this case. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, Plaintiff's motion is GRANTED. The accompanying motions to seal (ECF Nos. 83, 85) are also GRANTED. This letter order disposes of ECF Nos. 82, 83, 85.

      The parties in this case entered into a confidential settlement agreement on June 13, 2019. *See* ECF Nos. 72, 82 (sealed). As described in Plaintiff's memorandum in support of her motion, Defendants are in breach of the settlement agreement. Pl.'s Mot. Mem. 4, ECF No. 82-1 (sealed). Defendants have not responded to Plaintiff's motion, the time for response has passed, and Plaintiff now requests that I grant her motion as unopposed. *See* Not. of Status, ECF No. 84 (sealed).

      This Court has jurisdiction to enforce the settlement agreement. *See Cotten & Selfon v. Charnock*, 10 F. App'x 70, 75-76 (4th Cir. 2001); *T Street Dev., LLC v. Dereje and Dereje*, 586 F.3d 6, 11, 388 (D.C. Cir. 2009). When asked to do so, it must "(1) find that the parties have reached a complete agreement, and (2) be able to determine the agreement's terms and conditions." *Topiwala v. Wessell*, 509 F. App'x 184, 187 (4th Cir. 2013) (citing *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540-41 (4th Cir. 2002)). The uncontested facts before me confirm that the parties did enter into a settlement agreement, the essential terms of which were agreed to, and are not subject to dispute. Further, under Maryland law, "[s]pecific performance is considered an extraordinary equitable remedy which may be granted, in the discretion of the chancellor, where more traditional remedies, such as damages, are either unavailable or inadequate." *Archway Motors, Inc. v. Herman*, 378 A.2d 720, 724, (Md. Ct. Spec. App. 1977). For the reasons described in Plaintiff's memorandum, I conclude that Plaintiff has breached the settlement agreement, and the appropriate remedy is to grant the specific performance requested by Plaintiff.

      Accordingly, Defendants are hereby Ordered to (a) resume paying all mortgages, bills, and taxes on the named property[1] within seven days of this Order; (b) to pay all mortgages, bills, and

---

[1] The property is identified in the Settlement Agreement, Ex. A ¶ 1, ECF No. 82-3 (sealed).

2

taxes for the named property that have become delinquent since June 13, 2019 and continuing through November 12, 2019, as well as any associated late fees or penalties, and (c) on or before December 1, 2019, to provide Plaintiff with a mortgage statement for the named property reflecting that these payments were made within seven days of this Order.

    Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/
Paul W. Grimm
United States District Judge